**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BARTHOLOMEW J. EASTMAN,

    Plaintiff,

v.                                                  Case No. 08-CV-12036

THE PEGGS COMPANY, INC.,

    Defendant.
                                             /

**OPINION AND ORDER DENYING "PLAINTIFF'S
MOTION FOR LEAVE TO AMEND COMPLAINT"**

Defendant The Peggs Company, Inc. ("Peggs") removed this case from Shiawassee County Circuit Court to this court on May 8, 2008. Pending before the court is Plaintiff Bartholomew J. Eastman's motion for leave to amend the complaint to include an additional defendant. On June 24, 2008, the court held a hearing on this motion and on Plaintiff's motion for remand, which his counsel withdrew at the hearing. For the following reasons, the court will deny Plaintiff's motion for leave to amend the complaint.

**I. STANDARD**

The decision whether to grant leave to amend the pleadings is governed by Federal Rule of Civil Procedure 15. Rule 15 provides that, after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "In the decision whether to permit an amendment, some of the factors which may be considered by the trial court are undue 'delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to

cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment.'" *General Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990) (citing *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)). The decision to permit or deny the amendment is committed to the discretion of the trial court. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-32 (1971); *Estes v. Kentucky Util. Co.*, 636 F.2d 1131, 1133 (6th Cir. 1980).

## II. DISCUSSION

Plaintiff's original complaint alleges that Defendant violated the Whistleblowers' Protection Act, Mich. Comp. Laws § 15.361, (Count I) and retaliated against him in contravention of the Elliott-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2710, ("ELCRA") (Count II). Plaintiff now seeks to add William "Larry" Walter to Count II as an individual defendant. Plaintiff argues that he has a meritorious claim for Walter's individual liability under ELCRA and that at this early stage of the case Defendant will not suffer undue prejudice if the motion for leave to amend is granted. (Pl.'s Br. at 2-3.) Defendant counters that adding Walter would destroy the court's diversity jurisdiction, prejudice Defendant and inequitably reward Plaintiff's use of Walter "as a tool to defeat Peggs' choice of forum." (Def.'s Br. at 7-9.)

Federal jurisdiction requires "complete diversity" such that no plaintiff and no defendant are citizens of the same state. *See e.g. Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999); 28 U.S.C. § 1441(b). Therefore, if Plaintiff, a Michigan citizen, were allowed to amend to include Michigan citizen Walter, the court

2

would no longer have jurisdiction over the case, which would of necessity be remanded to state court.

Congress has provided that "[i]f after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the Court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The Sixth Circuit has not provided much guidance on Section 1447(e), owing perhaps to the rule that an order of remand for want of jurisdiction is typically not reviewable on appeal. *J. Lewis Cooper Co. v. Diageo North America, Inc.*, 370 F. Supp. 2d 613, 618 (E.D. Mich. 2005) (Lawson, J.) (citations omitted). Courts in Eastern District of Michigan that have examined the issue appear to generally agree on the factors applicable to deciding whether to permit joinder under Section 1447(e). Those factors are (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in seeking amendment, (3) whether the plaintiff will be significantly prejudiced if amendment is not allowed and (4) any other equitable factors. *Wells v. Certainteed Corp.*, 950 F. Supp. 200, 201 (E.D. Mich. 1997) (Duggan, J.) (citation omitted); *Siedlik v. Stanley Works, Inc.*, 205 F. Supp. 2d 762, 765 (E.D. Mich. 2002) (Gadola, J.); *Cooper*, 370 F. Supp. 2d at 618; *randall v. Zimmer, Inc.*, No. 04-70648, 2004 WL 1689761 (E.D. Mich. July 9, 2004) (Feikens, J.).

Applying these factors, the court will deny the motion for leave to amend. The circumstances of this case persuade the court that the primary purpose of the motion is to destroy federal jurisdiction. Plaintiff's original complaint makes over twenty references to Walter, identifying him as Defendant's district manager, alleging that he

3

made repeated racially derogatory remarks at work and claiming that he actually assaulted Plaintiff on the job. (Pl.'s Compl. at ¶¶ 12-23, 25-32, 36-37.) Therefore, at the time the case was filed in state court, Plaintiff had every reason to know of Walter and any potential claims against him individually. The factual allegations of the second complaint reveal no material changes and mainly repeat the original complaint *verbatim*. (Pl.'s Am. Compl. at ¶¶ 7-39.) Plaintiff in some instances simply pluralized "Defendant." (*See*, *e.g.*, *id.* at 34, 37-38.) In both complaints, Counts I and II invoke the same statutory causes of action. If the factual allegations are true, Plaintiff might have other viable causes of action against Walter, including assault. Yet Plaintiff chose to only advance against Walter one of the two claims already brought against Defendant. Under the circumstances, the timing of the motion to amend is suspect, for the only meaningful intervening event is Defendant's removal of the case to federal court. Indeed, Plaintiff filed a motion to remand, demonstrating a desire to return to state court.[1] No newly discovered evidence or late-breaking factual development brought Walter to Plaintiff's attention. The court concludes that Plaintiff's purpose to defeat federal jurisdiction is manifest.[2] Based on the same circumstances, the court finds that

---

[1]The motion claimed, based exclusively on Plaintiff's own affidavit, that there was no diversity jurisdiction because Defendant's principal place of business is Michigan. At the beginning of the hearing, and in light of Defendant's response and supporting exhibits, Plaintiff's counsel withdrew the motion to remand, explaining that it was filed in reliance on information Plaintiff provided to his attorney about Defendant's operations in Michigan.

[2]Plaintiff's counsel represented at the hearing that Plaintiff was in fear of Walter and thus initially reluctant to sue him individually. Whatever the truth of this assertion, it finds no support in the record in the form of sworn affidavit, attempt to obtain personal protection order or the like.

4

Plaintiff has been dilatory in seeking amendment.

Turning to prejudice, the court recognizes that Plaintiff would be prejudiced to the extent that if he chose to proceed against Walter, he would have to maintain parallel actions against separate defendants in different courts. On the other hand, the cases are not perfectly parallel, as it appears that the potential causes of action against Walter may include separate counts under state law (such as assault) that would not apply in this case against Defendant. Indeed, there is a substantial likelihood that this court would decline to exercise supplemental jurisdiction over such claims if submission of them along with Counts I and II would not serve judicial economy and would raise the possibility of jury confusion due to different applicable legal standards. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966). Further, while individual liability appears possible under ELCRA, *Rymal v. Baergen*, 686 N.W.2d 241, 253-54 (Mich. Ct. App. 2004), the nature of Plaintiff's requested relief is compensatory. As such, he cannot recover twice for his retaliation and, if successful, Plaintiff can find full measure in compensation even if only the corporate Defendant were adjudged liable.[3]

Finally, the court considers other equitable factors, including potential prejudice

---

[3] The court notes, moreover, that amendment may be futile, depending upon who actually terminated Plaintiff's employment and why. The court does not answer that disputed question now, as it would be premature. The amended complaint is equivocal, as different allegations attribute different actors ("Peggs" or "Defendants") and different reasons for why one or the other "terminated" Plaintiff. (Pl.'s Am. Compl. at ¶¶ 34-35, 37.) Defendant maintains that it had a legitimate business reason Plaintiff being laid off and that Walters was merely the messenger, having no other role in the employment decision. (Def.'s Br. at 4.) Again, without deciding this dispute, the court observes that as a practical matter it may make no difference whether Walters is a co-defendant in this case.

to Defendant. While Plaintiff as master of his complaint is entitled to some solicitude, in certain circumstances the die is cast once a defendant acts in reliance on the contours and scope of a considered complaint. Defendant responded to a binary complaint, formulated an initial strategy and expended its efforts accordingly. As an out-of-state defendant, it properly availed itself of its right to a federal forum. That decision required Defendant to spend valuable time and money, only to find in federal court that further resources would be consumed in defending against Plaintiff's motions to remand and for leave to amend. Even though no discovery has taken place, Defendant has already made a measurable investment in ensuring a federal forum, which investment should not be lost to a motion to amend aimed, in the main, at frustrating Defendant's efforts and precluding federal jurisdiction.

## III.  CONCLUSION

IT IS ORDERED that "Plaintiff's Motion for Leave to Amend Complaint" [Dkt. # 11] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 8, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 8, 2008, by electronic and/or ordinary mail.

    s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522